Randolph E. VALENSI, Plaintiff-
Appellee,

v.

M. Shafi IRAVANI MOTTAGHI,
Defendant-Appellant.

No. 36, Docket 23932.

United States Court of Appeals
Second Circuit.

Argued Dec. 6, 1956.

Decided March 29, 1957.

————◆————

Hawkins, Delafield & Wood, New York City (Clarence Fried, New York City, on the brief), for plaintiff-appellee.

M. Shafi Iravani Mottaghi, pro se.

Before CLARK, Chief Judge, and FRANK * and LUMBARD, Circuit Judges.

LUMBARD, Circuit Judge.

The plaintiff-appellee, Randolph E. Valensi, recovered a judgment of $29,-773.81 in the District Court for the Southern District of New York against the defendant-appellant, M. Shafi Iravani Mottaghi (hereinafter Iravani), for commissions due him on sales of wool and gum.

The principal question on this appeal is whether the district judge should have granted a new trial because of alleged perjury of the plaintiff, Valensi, at the trial as shown by alleged inconsistencies in testimony subsequently given by him at the trial of a suit brought by Iravani against Barkey Importing Co., Inc. for alleged breach of the contracts in regard to which Valensi here sued for commissions.

Valensi, a citizen of New York, sued Iravani, a citizen of Iran, in the United States District Court for the Southern District of New York in January 1952 to recover in excess of $50,000 alleged to be due him as commissions pursuant to agreement whereby Valensi acted as Iravani's sales agent in the business of exporting wool and gum from Iran to the United States.

Defendant raised four defenses in his answer: (1) that the rate of commissions agreed upon for joint account shipments was 1% and not 3%; (2) that as to the alleged 3% commission for sales of wool, Valensi had concealed the fact that the usual rate was 2%; (3) that Valensi, in dealing with Barkey Importing Co., Inc., "did not act in the best interests of defendant nor fairly or in good faith and thereby forfeited any right to compensation," and (4) that he failed to receive proceeds from the Barkey Company and to remit them to the defendant; that he wrongfully withheld monies; that he furnished defendant with incorrect prices; and by these

* Judge Frank died after voting for affirmance but before expressing his views with respect to this opinion.

failures forfeited his right to compensation.

After a trial in March 1954, at which Valensi and Iravani were the principal witnesses, Judge Dimock submitted eight questions to the jury, six of which were answered favorably to Valensi and two of which were answered for Iravani. The principal question, number 1, as to Valensi's alleged dishonesty and/or disloyalty was answered in favor of Valensi.

The court then computed that the jury's verdict required deductions of $27,-862.37 from the plaintiff's total claims and entered judgment for $29,773.89 plus costs.

On June 28, 1954, new counsel for Iravani moved to set aside the verdict and for a new trial. Before this motion was argued, the defendant was substituted as attorney *pro se* and submitted a further affidavit executed December 6, 1954. The principal ground of the motion, and the only one which need concern us, is that the verdict had been based on alleged perjurious testimony of Valensi and Julius W. Lavis, an officer of the Barkey Company, and that the defendant was in possession of newly discovered evidence. The motion papers consist largely of argument that Valensi had committed perjury at the trial, although the minutes were not then available to substantiate even this argument; and of counsel's contention, without proof, that Valensi had conspired with the Barkey Company against Iravani.

Meanwhile the trial of Iravani Mottaghi v. Barkey Importing Co., Inc. took place during October 1954 in the District Court for the Southern District of New York. 1955, 134 F.Supp. 719. Thereafter this motion for a new trial was argued before Judge Dimock and, after careful consideration of the relevant portions of the minutes of both trials, he denied the defendant's motion on December 21, 1954. Iravani had urged that testimony given by Valensi at the trial of Iravani Mottaghi v. Barkey Importing Co., Inc. showed that Valensi had been disloyal to Iravani but Judge Dimock pointed out that Iravani made no attempt to show that any testimony of Valensi at that later trial was inconsistent with evidence given at the trial of this case. His opinion analyzes Iravani's contentions and it is quite apparent that there is nothing in the testimony in the Iravani Mottaghi v. Barkey Importing Co., Inc. case, nor is there any "newly discovered evidence" which is inconsistent with what was before the jury at the trial of this case.

The other grounds of appeal are arguments regarding the evidence and conclusions to be drawn therefrom, all of which were decided against the appellant by the jury in response to special questions submitted by the trial judge. Indeed Iravani's counsel took no exceptions to the court's charge and on this appeal no objection is made to the charge.

One final point which Judge Dimock considered was the contention that a new trial should be granted because he did not submit to the jury the question whether the parties had agreed that Valensi's compensation should be limited by the amounts collected from customers in this country, as distinguished from credits set up by customers in Iran. But defendant had not previously requested that this be done, and had taken no exception to the charge and the questions submitted to the jury.

The appellant has enjoyed every protection to which a litigant is entitled. He was represented by able and conscientious counsel at a trial before a jury presided over by a judge distinguished for his courtesy, thoroughness and patience. After the trial, that judge afforded generous opportunity for the hearing of a motion for a new trial, and, having considered the motion, he found it to be without merit. We agree.

The judgment is affirmed.